IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19CV0007-GCM

| | | |
|---|---|---|
| SHEILA JACKSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GARDA WORLD, | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The *pro se*

Plaintiff filed a response and the Defendant has filed a Reply.

Plaintiff filed her Complaint *pro se* pursuant to Title VII of the Civil Rights Act of 1962,

42 U.S.C. § 2000e *et seq.*, the "Fair Employment Act,"[1] and the Equal Pay Act. Federal Rule of

Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the

claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure

12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Plaintiff is proceeding *pro se* and is

entitled to a liberal construction of her pleading; however, "this liberal construction does not

require the court to ignore clear defects in pleading," or to "conjure up questions never squarely

---

[1] What Plaintiff labels the "Fair Employment Act" may simply be a duplication of her Title VII claim, however, this
is unclear from her Complaint.

1

presented in the complaint," *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 759–61 (M.D.N.C. 2018) (internal quotation marks and citation omitted).

Plaintiff bases her statutory causes of action on one paragraph consisting of seven sentences that lack sufficient factual matter to raise Plaintiff's right to relief above the speculative level. While Plaintiff's single-paragraph complaint articulates several grievances she has with the Defendant, the allegations are not tied with factual support to any protected category, do not identify an adverse employment action, [2] and do not allege different treatment from similarly situated employees with one exception. While Plaintiff does allege, "I was paid less than my male counterparts," this single stand-alone, conclusory, sentence does not offer sufficient factual allegations of disparate pay for work that requires the same skill, effort, and responsibility, and that is performed in the similar working conditions. Instead, the allegation is entirely conclusory, and therefore insufficiently pled.

Plaintiff's allegations fail to raise her right to relief above the speculative level and establish that her claims are plausible on their face. *Twombly*, 550 U.S. at 555. Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED.

Signed: April 9, 2019

Graham C. Mullen
United States District Judge

---

[2] Among Plaintiff's allegations is that she was "terminated after sexually statements and complaints was send to managers on my behalf…which resulted and me terminated." However, her EEOC Charge does not allege retaliation, only discrimination based upon sex and race. Accordingly, she has failed to exhaust her administrative remedies with regard to any claim of retaliation. *Tonkin v. Shadow Mgmt., Inc.*, 605 F. App'x 194 (4th Cir. 2015).